ATHOL MORTON MILLER v. RICHARD M. SELLWOOD.

November 29, 1899.

Nos. 11,731—(47).

**Sale—Mutual Mistake—Verdict Sustained by Evidence.**

In an action brought to recover a balance claimed to be due from defendant to plaintiff on account of a sale of personal property on the ground of a mutual mistake of fact when computing the total amount to be paid for such property, it is *held* that on the evidence the court was warranted in directing a verdict in plaintiff's favor for the full amount claimed.

Action in the district court for St. Louis county to recover $734.86 and interest on the ground of mutual mistake. The case was tried before Moer, J., who directed a verdict in favor of plaintiff for $772.43; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*Davis, Hollister & Hicks* and *Henry J. Grannis*, for appellant.
*Walter Ayers*, for respondent.

COLLINS, J.

There is very little, if any, dispute over the facts in this case. The Sutphin Company, engaged in selling meats at Duluth, wished to sell its stock and fixtures. The plaintiff was interested with Mr. Sutphin and others in the company. The defendant thought of purchasing, and told plaintiff to prepare an inventory of the articles to be sold, with prices attached. He also proposed to have, and Mr. Sutphin did, become connected with the new concern. An inventory was furnished, consisting of several sheets of paper, and the heading and first item on one of these sheets appeared as follows:

| Pieces. | Article. | Weight. | Price. | Amount. |
|---------|----------|---------|--------|---------|
| 738 | Lambs. | 50,324 | 4³ | $1,635.53 |

The parties met on several occasions for the purpose of discussing the terms and conditions of sale, but in respect to the inventory

prices of the meats the defendant, claiming that he knew very little about such articles, relied upon Mr. Sutphin's experience and knowledge. There were some articles inventoried which defendant declined to consider, and these were stricken off. The prices on some other articles, not herein involved, were not satisfactory, and changes were made, but finally an agreement was reached, and the inventory returned to the bookkeeper of the company that a new one might be made out, in which nothing but the articles which defendant had concluded to buy should appear, the intention evidently being to duplicate the original except as to such articles as were not to be taken by defendant. A new inventory, covering a number of sheets of paper, was then handed to defendant, footings were made on each, the total amount of the various items ascertained, and from the total defendant demanded, and plaintiff assented to, a discount of about 10 per cent. Payment was made, and defendant took possession of the stock and fixtures mentioned in the newly-made inventory. It was subsequently discovered that the item before mentioned thus appeared in that paper:

| Pieces. | Article | Weight. | Price. | Amount. |
|---------|---------|---------|--------|---------|
| 738 | Lambs. | 50,224 | 4— | $1,635.53 |

The inventories corresponded as to number and total value or amount, but in the new the weight was stated at 100 pounds less than in the old, while the price per pound appeared at 4— instead of $4^3$, as it did in the old; and an error had been made in the total value in both. It was shown that the figures $4^3$ meant $4\frac{3}{4}$ cents per pound, and at this price 50,324 pounds would amount to $2,390.39, or $754.86 more than the sum stated. If the price per pound was 4 cents, and the number of pounds were 50,224, as set out in the new inventory, the total would amount to $2,008.96, or $373.43 more than the sum stated. Evidently there was one mistake, at least, in each inventory. Plaintiff, as assignee of the demand, instituted this action to recover of defendant on the ground of mutual mistake of fact, claiming that the total weight of the lambs was 50,324 pounds, and that the price agreed upon was $4\frac{3}{4}$ cents per pound; and at the

close of the trial the court ordered a verdict in plaintiff's favor for the full amount claimed, less $25, deducted on account of another mistake in the totals of another item.

The important question here is whether, on the evidence, the court was warranted in its order. We are of the opinion that it was. No one claims that the inventories were not erroneous, and it is agreed that the total weight was 50,324 pounds, as set forth in the first. That the price therein stated was 4¾ cents per pound is undoubted, and from the evidence it is beyond dispute that the negotiations as to the prices to be paid per pound for dressed meats and live animals were made and concluded upon the first inventory. Mr. Sutphin was really defendant's agent in respect to the number, or weight, and quality, and prices to be paid for all meats and animals, and his testimony was clear that 4¾ cents per pound was to be paid for the lambs. The statement of defendant, while testifying, that he never "agreed" to pay that price, is not borne out by the plain and unmistakable facts, which indicate conclusively that the agreement was to pay at the rate of 4¾ cents per pound. If this was not the agreement none whatever was entered into between the parties. The proofs were conclusive that plaintiff agreed to sell and defendant agreed to buy 738 lambs with a total weight of 50,324 pounds at 4¾ cents per pound. That an error had been made in the computation, that this error was carried into the second inventory, and another made, and that defendant obtained a discount on the ground of custom in the trade, does not affect the very evident fact that a mutual mistake was made, which it is the business and the duty of the courts to rectify upon discovery.

Order affirmed.