JOHN W. CLARK v. GAAR, SCOTT & COMPANY.[1]

November 1, 1901.

Nos. 12,711—(58).

**Evidence—Judgment Roll.**

Under the facts of this case, it is *held* that the trial court properly received in evidence a judgment roll and record in a former action wherein the same issues were litigated, since such evidence, under the issues, was competent and material.

**Findings Sustained by Evidence.**

Evidence in this case considered, and *held* to support the findings of fact by the trial court, and that such findings of fact sustain the conclusions of law.

Action in the municipal court of Minneapolis to recover $312.50, with interest, as commissions under a contract. The case was tried before Holt, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*John M. Rees,* for appellant.

*Maxil D. Robb,* for respondent.

LOVELY, J.

Action on five commission certificates issued to the firm of Clark & Lageson to pay for services in the sale of a threshing machine, separator, and stacker. The certificates were afterwards assigned to plaintiff, who brought action thereon in the municipal court of Minneapolis, wherein the same was tried without a jury. Findings were duly made and judgment ordered for plaintiff for the amount claimed. Defendant appeals from the judgment.

The facts in this case may be better understood by reference to a former decision of this court (Clark v. Gaar, Scott & Co., 78 Minn. 492, 81 N. W. 530), from which it appears in connection with the record here that Clark & Lageson were agents of defendant for the sale of the threshing outfit to a third party upon a written

[1] Reported in 87 N. W. 777.

promise by such defendant to pay percentage commissions. Suit was brought by plaintiff, as assignee, to recover such commissions. He had a verdict for less than claimed. When the appeal was here before it was held that whether commission certificates had been issued to pay for the services of Clark & Lageson in selling the outfit, or whether plaintiff was entitled to recover for commissions which had not been settled for by such certificates, the trial court had not made the proper application of payments, nor allowed a sufficient amount therefor, upon which ground the cause was remanded for a new trial. It appeared then, as now, that Clark & Lageson, subsequent to their services in making a sale of the outfit, had made an assignment in insolvency to plaintiff, who attempted to transfer their right to commissions to a third party,—one Edwards,—who afterwards assigned such right to plaintiff.

Upon the remand of the case to the trial court, defendant amended its answer setting forth fraudulent acts on the part of defendant's agents in the sale of the threshing outfit. It was also, under the pleadings as amended, made an issue whether Clark & Lageson had received the commission certificates according to the usual course of business from Gaar, Scott & Co., in full payment for their services. Upon the trial of this action the court submitted the following questions to the jury, which were answered. The questions with the answers responsive thereto, are as follows:

"Was there any fraud or concealment of facts by Clark & Lageson or their agent, John W. Clark, under the instructions given us by the court? Answer. No."

"Were the commission certificates received and accepted by Clark & Lageson in payment and satisfaction of Exhibit A? Answer. Yes."

In addition to such specific findings the jury found generally a verdict in favor of defendant. Judgment was thereupon entered in that action to the effect that there was no fraud by defendant's agents; that the certificates were a payment of the claim for commissions. Upon the theory that the commission certificates were

still an outstanding indebtedness and unpaid, plaintiff maintains this action as the purchaser of the same.

There are numerous assignments of error, but the claims of defendant which we feel required to notice may be disposed of under two contentions urged by appellant on this review:

1. It is claimed that the trial court erred in receiving the record of the former action, upon the new answer, on the second trial thereof. In that case the question of fraud and concealment, as well as the question of payment by the commission certificates, was litigated under the issues raised by the amended pleadings. On this trial the record and judgment in the former suit were offered in evidence, wherein, from the pleadings and admissions, it clearly appeared that the same questions were litigated in the former action which were being made the subject of contention in this suit; that it was for the same subject-matter, and that the issues involved were identical could not be disputed. The trial court held that the defendant was estopped by the verdicts and the judgment entered thereon in the previous action from a retrial of such questions.

We think in this respect the trial court must be sustained, upon well-settled principles that apply in all courts of general jurisdiction wherein the rights of litigants to recontest their controversies after a final determination thereof are foreclosed, and the parties therein bound thereby. The judgment entered upon the verdict, which was a part of the judgment roll offered in evidence, appears therein to have been entered by defendant's counsel upon his motion. While it is perhaps a fact, as was insisted by counsel here, that this judgment was entered by the clerk without such motion by defendant's counsel, yet the statement in the judgment that it was so made by defendant's attorney, and other unnecessary matter, does not prejudice defendant, since in other respects it was a proper judgment regularly entered on the general verdict, and the fact that the clerk stated it was made at the instance of defendant's counsel, etc., may be treated as surplusage. The judgment still remained in essential respects a valid judgment of the court. No motion to amend or rectify it has been made; hence it must be held conclusive between the parties.

2. It was also urged that certain discrepancies in the insolvency order directing a sale of the effects of Clark & Lageson, as well as in the schedule of the assignee which refers to the time of the assignment, were material and conclusive against plaintiff. These were questions of fact disposed of by the findings of the trial court. In reviewing the evidence to support such findings, we are required to say that there was sufficient affirmative testimony to sustain the allegations of the complaint received on the offer of plaintiff, and the inconsistencies referred to were open to explanation and were matters for the consideration of the trial court, who found upon competent evidence that the certificates had been duly and properly assigned. There was ample evidence to sustain other findings of fact which support the judgment appealed from.

The remaining assignments either cover propositions that we deem to be without merit, or that are embraced in the disposition we have made of this case upon the grounds stated above.

Judgment affirmed.