CORNELIUS HANLON v. DENNIS HENNESSY and Others.[1]

November 7, 1902.

Nos. 13,171—(51).

**Form of Judgment—Relief Granted.**

> In construing a judgment with respect to its form and sufficiency, recourse must be had to the pleadings in the action, to ascertain whether the relief awarded is within the issues there made; and any matter appearing in the judgment, not pertinent to such issues, may be rejected as surplusage, if what remains grants definite and specific relief within the issues. The evidence may not be referred to on this subject, except, perhaps, where it is made part of the record, and then only for the purpose of ascertaining whether a matter covered by the judgment was within an issue litigated on the trial by consent of parties.

Appeal by defendant Dennis Hennessy from a judgment of the district court for Stevens county, entered pursuant to the findings and order of Steidl, J. Affirmed.

*R. A. Stone,* for appellant.

*Lewis C. Spooner,* for respondent.

BROWN, J.

This action was brought in justice court to recover against defendants jointly an amount claimed to be due plaintiff for work and labor. Plaintiff had judgment, and defendant Hennessy ap-

[1] Reported in 92 N. W. 1.

87 M.—23

pealed to the district court upon questions of law alone, where the judgment of the justice was affirmed, and he again appealed to this court.

But one question is presented for our consideration, and that goes to the sufficiency, in respect to form and contents, of the judgment rendered by the justice. The judgment, as appears from his docket, is in the following language:

"I enter judgment, and judgment is now hereby rendered, in favor of plaintiff and against defendants Wm. Riordan, Dennis Hennessy and Wm. Sullivan, in the sum of $37 damages and $5 statutory costs, and the costs and disbursements in this action, taxed at $8.10 each according to ownership in the machine."

The contention of appellant is that the closing words of the judgment, "each according to ownership in the machine," make the judgment so indefinite and uncertain as to render it wholly void. We are unable to concur in this view. In construing a judgment with respect to its form and sufficiency, recourse must be had to the pleadings in the action to ascertain whether the relief awarded is within the issues there made, or, where the amount of recovery is involved, to the verdict or findings. The evidence may not be looked to, especially where, as in this case, it is only partly returned. So far as the case at bar is concerned, the pleadings are the sole guide; and, referring to them, we find that defendants were sued jointly for work and labor alleged to have been performed for them, and there is no suggestion, either in the complaint or answer, that they were severally liable. The justice had no authority to apportion their liability in any respect whatever, and the words referred to, showing an attempt to do so, and which are claimed to render the judgment indefinite and uncertain, are wholly impertinent to any issue in the case, and must be rejected as surplusage. What remains grants definite and specific relief within the issues. Clark v. Gaar, Scott & Co., 84 Minn. 270, 87 N. W. 777.

It might be proper, in a given case, to consider the evidence, when called upon to determine the sufficiency of a judgment as to the amount of recovery, or perhaps as respects its form and contents, when made part of the record, to ascertain whether an issue

not covered by the pleadings was litigated on the trial by consent of the parties. But such is not this case.

Judgment affirmed.