LUDWIG L. NERLIEN v. VILLAGE OF BROOTEN and Others.[1]

March 10, 1905.

Nos. 14,201—(219).

**Use of Municipal Building.**

The use of a municipal building as a village hall for private commercial purposes is unauthorized, and, when objected to by a taxpayer or person injuriously affected through the business transacted, may be restrained by injunction.

**Private Use—Injunction.**

Where the village marshal is permitted by the municipality to spend a portion of his time in selling the vendible articles of a merchant therein, and is to some extent paid out of the public funds, the municipality may be restrained by injunction from continuing such diversion of the public funds.

[1] Reported in 102 N. W. 867.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial, after a trial and findings in favor of defendants. Reversed.

*Stewart & Brower*, for appellant.

*E. M. Webster* and *Reynolds & Roeser*, for respondents.

LOVELY, J.

This is an equitable suit brought to restrain the village of Brooten, in Stearns county, and other defendants, who were the trustees and officers of that village, from engaging or assisting a private citizen in the business of dealing in flour at the village hall, as well as the assistance of its marshal to conduct that business.

Upon the hearing of the evidence the court found that the plaintiff was a resident of the village of Brooten, which is situated in the town of North Fork, where he was a taxpayer. That he had been engaged in the mercantile business in Brooten for more than two years previous to the commencement of the action, conducting a store, and dealing in flour, feed, grain, and cereals. That one John Bohmer, who was president of the village council from March, 1899, to 1903, had been engaged in retailing flour at the village hall in Brooten in competition with the plaintiff. That the portion of the building occupied by Bohmer for his private business did not appear to have been necessary for public use, or allowed by virtue of any contract made with the village, or that any agreement had ever existed with reference to the payment of rent for the same. But the court also finds that, since Bohmer's occupancy and use of the village hall, the village marshal (an officer appointed by the council) had applied a portion of his time in retailing flour for Bohmer, and attended to the wants of his customers in that respect. That Bohmer has paid nothing for the use of such hall to the village, nor had he compensated the marshal for his services in the sale of flour, which amounted to at least two carloads per week. That the salary of the village marshal was, soon after his services for Bohmer commenced, raised by the village council, in view of the added labors which he was required to perform in selling flour. That small deficiencies or shortages in the marshal's accounts with Bohmer have been recognized, and allowances made therefor out of the village funds by the trustees. The court also finds that the plaintiff has suffered damages

in the diminution of profits in his business by reason of the competition thus established and maintained, but finds that no unlawful acts had been committed which have resulted in increasing the taxes of plaintiff, and held that plaintiff is not entitled to an injunction to prohibit the privileges given which Bohmer is enjoying in his use of the hall, or from having the services of the marshal in conducting the business of selling flour therefrom.

The plaintiff asked for amended findings to the effect that the marshal was directed by the council to sell flour at the prices fixed by Bohmer, and that it was made his duty to attend to its sale at the village hall; that the use of the village hall was given by the village to Bohmer gratuitously; also that an arrangement was tolerated and permitted by the village and members of its council whereby Bohmer was given these privileges to cause loss to plaintiff in carrying on his business.

The entire evidence in the case shows conclusively that the facts in such amended findings are substantially established. While it does not appear from the evidence that there was any resolution, which in so many words was adopted by the council, that Bohmer should have the use of the village hall free and that the marshal should aid him, yet within the facts as actually found it does appear that the marshal's salary was increased and continued for several years and to the time of the commencement of the action; that the marshal's duties required him to act practically as the clerk of Bohmer while he was president of the council, and afterwards during the time of his successor. These facts were known to the members of the council. That during the latter portion of the time a bell was placed in front of the village hall, which customers could and did ring whenever they desired to purchase flour, when the marshal would leave the streets as soon as he could, and promptly repair to the hall to attend to their wants. It also appears that there was an advertisement, in the name of the village of Brooten, offering the flour for sale "cheapest in the state," published in a paper in an adjoining town (Belgrade Tribune), which must have been known by the trustees; and it is admitted by some of the members of the council, who were sworn, that the prices charged by defendant may have influenced the action of the council in their toleration and permission of the occupation of the village hall without rent by Bohmer for use as a storeroom for the sale of flour, and, while it does not appear directly

that the place where the flour was sold was necessary for village uses, it was in a room devoted to the purposes of storing the fire apparatus of the municipality.

It cannot be questioned from the evidence that the members of the council knew of the conduct of the business, and, if they did not authorize it directly by resolution, they made no objection, but remained quiet and permitted it. Under such circumstances, if it was their duty to preserve the property of the village from use for commercial purposes by a favored person to his benefit, the conclusion is unquestionable that they did nothing to interfere, and were derelict in their duty in that respect.

It cannot be doubted that municipal corporations in this state have only such powers as are delegated by law. That among the obligations imposed upon such bodies are the protection and care of the property belonging to the public, and where, as in this instance, the property is a village hall used for public purposes and the storage of implements and apparatus for extinguishing fire, the misuse of such place, and the application of funds raised by taxation to build and operate the hall, are diversions of the same from its proper purposes, to which a taxpayer has a right to complain, and a private individual owning property in the municipality, whose business is injured thereby, may well and properly object. Whether it was shown that the taxes of the plaintiff were increased specifically, it may reasonably be presumed that they were, and he is authorized, as such taxpayer and property owner, to have injunction to restrain the unlawful use of the public funds or the public property which effectuates his particular injury. Scofield v. Eighth School District, 27 Conn. 499; Hurd v. Walters, 48 Ind. 148; Weir v. Day, 35 Oh. St. 143; Spencer v. Joint School District, 15 Kan. 259. See also the consideration of the principle involved in this case in the Opinions of the Attorneys General (1858–1884) 423, letter to D. Burt, Superintendent of Public Instruction.

While the learned trial court finds that the village of Brooten does not threaten to continue the acts referred to, we regard this finding as immaterial and of no significance, for the continuance of the privileges without objection or interference by the officers of the village, their payment of the marshal for his services to the present time to aid in the commercial enterprise of a favored citizen, without any suggestion

by the defendants that the course pursued will be abandoned, justifies the inference that it will be continued unless restrained. Under such circumstances it is fair and reasonable to presume that a profitable business whereby the favored individual can sell his flour without paying rent for the storeroom from which it is dispensed, and the aid of an assistant to whom he gives no compensation, which places him at an advantage, will not be changed. The plaintiff had a right to think so, and was justified in seeking the protection of the court.

It can be no justification that the giving of these privileges to the favored person with use of the village property and the aid of a competent person to assist in doing his business, would tend to cheapen the price of the article to be sold below that which would be within the power of a private citizen engaged in the same business. To secure this result in this way would involve the municipality in a business enterprise, which cannot be justified, at least without direct authority from the legislature.

The order for a new trial, which was denied, is reversed, and the cause remanded for further proceedings in accordance with the views above expressed.