# JOHN O. ANDERSON v. CITY OF MONTEVIDEO AND OTHERS.[1]

## June 8, 1917.

## Nos. 20,476—(247).

**Appeal from judgment without settled case — what reviewable.**

1. On an appeal from a judgment, where there is neither a bill of exceptions nor a settled case, the only matter that will be considered is whether the findings sustain the judgment.

**Injunction — lease of municipal building — ultra vires.**

2. A citizen and taxpayer may not invoke the restraining power of a court of equity to enjoin the officers of a municipal corporation from leasing a building not needed for public use, unless it is shown that such municipal corporation and its officers are acting *ultra vires*, and where such unauthorized acts may affect injuriously the rights of those complaining.

**Municipal corporation — lease of auditorium.**

3. Where a municipal corporation, in good faith, erects a building for municipal purposes, and includes therein an auditorium which is no longer needed for public use, and the leasing thereof will lighten the burden of taxation, the municipality has a legal right to lease the same for private use.

Action by the administrator of the estate of Carl S. Starbeck in the district court for Chippewa county to cancel a lease of the municipal building, and to restrain defendants from entering into another lease.

[1]Reported in 162 N. W. 1073.

The case was tried before Qvale, J., who made findings and ordered judgment dismissing the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Fosnes & Fosnes,* for appellant.

*Oluf Gjerset* and *J. O. Haugland,* for respondents.

QUINN, J.

This is an action brought by Carl S. Starbeck, as citizen and taxpayer of the city of Montevideo, to enjoin defendants from leasing the auditorium in the municipal building owned by the defendant city, and to restrain the defendant Marsh from conducting moving picture shows therein.

The defendants are the city, its mayor, president of the city council and E. E. Marsh, lessee of the auditorium. The trial resulted in a decision in favor of defendants, and judgment was entered thereon, from which plaintiff appealed.

The record contains neither a settled case nor bill of exceptions. It consists of the complaint, answer, reply, findings of the court, judgment and notice of appeal. It is well settled in this state, that on an appeal from a judgment, where there is neither a bill of exceptions nor a settled case, the only matter that will be considered is whether the findings sustain the judgment. Peach v. Reed, 87 Minn. 375, 92 N. W. 229.

The trial court found: That about 20 years ago, the village of Montevideo, now the defendant city, built, with funds provided for that purpose, a municipal building, containing office rooms for its administrative affairs, its fire department and fire apparatus, a library and an auditorium. The latter was designed and equipped for public gatherings, exhibitions, entertainments, theatrical attractions and the like, with a seating capacity of 800, and at a cost for the structure of about $17,000. It is not contended but that the village had a legal right to construct the building as it did.

The court further found, in effect: That in March, 1915, the city leased the auditorium to defendant Marsh for a moving picture show house; that the same was no longer needed for municipal purposes; that under the terms of the lease the use of said auditorium

for the purposes for which it was primarily designed was not prohibited; that the building did not deteriorate by the leasing; that in entering into the lease the officers acted in good faith and to the best interests of the city and its taxpayers; that by so leasing the auditorium the city derives, in excess of what it had or would otherwise have received, an annual income of several hundred dollars which was paid into the treasury to the benefit of its general taxpayers.

The court also found that the plaintiff was the owner of a building immediately across the street which was equipped for moving picture shows, and since September 5, 1915, has been rented for that purpose at a fair rental, though a greater income therefrom might have been derived had no moving picture shows been given in the auditorium; that plaintiff remodeled and equipped this building for moving pictures, knowing of the existence of the lease in question and while picture shows were being exhibited by Marsh in the auditorium under the said lease.

It is conceded that the defendant city was organized under the general laws and possesses no greater powers than are delegated. The plaintiff, however, insists that, under the rule established in Nerlien v. Brooten, 94 Minn. 361, 102 N. W. 867, he may maintain this action. We are unable to concur in this contention. The doctrine appears to be well settled, that a taxpayer cannot invoke the restraining power of a court of equity in matters of this character, unless it is shown that the municipal corporation and its officers are acting *ultra vires,* and where such unauthorized acts may affect injuriously the rights of the parties complaining. French v. Quincy, 3 Allen, 9; Bates v. Bassett, 60 Vt. 530, 15 Atl. 200, 1 L. R. A. 166; Stone v. City of Oconomowoc, 71 Wis. 155, 36 N. W. 829; Davidson v. City of Baltimore, 96 Md. 509, 53 Atl. 1121; 20 Am. & Eng. Enc. (2d ed.) 1117; Bell v. City of Plattville, 71 Wis. 139, 36 N. W. 831.

The inquiry is one of power. Had the city the right to lease the auditorium as it did? True it would have no right to erect buildings primarily to rent, but if, in erecting a building for its municipal affairs, an auditorium was included in the structure, intended and designed for public gatherings, and subsequently conditions became such that the same was no longer needed for the purposes or use of the

municipality, and that by leasing the same a better income would be derived and the burden of taxation lightened, we see no sound reason why it may not legally do so. Gottlieb-Knabe & Co. v. Macklin, 109 Md. 429, 71 Atl. 949, 31 L.R.A.(N.S.) 580, 16 Ann. Cas. 1092.

In Nerlien v. Brooten, supra, relied upon by appellant, plaintiff was a taxpayer and retail dealer in flour and feed in the village. He sought an injunction to restrain the use of space in the village hall for a similar business and was granted the relief. The defendant was president of the village council, and was permitted to use and occupy, without compensation, a space in the village hall as a store room for the sale of flour, in competition with and to the injury of his competitor; the village marshal assisted him in his sales which amounted to at least two carloads per week; shortly the salary of the marshal was raised by the council in view of his added labor required in selling flour; a bell was placed in front of the hall, customers would ring it when in need of flour, and the marshal would leave the streets to wait upon them. These matters were known to the members of the council, they did nothing to interfere, and were derelict in their duties in permitting the president to prostitute his office by diverting the public property from its public use to his own private gain. The element of fraud which permeated the case not only justified but required the granting of the injunction. Such occupancy amounted to a misuse of public property to the injury of the individual taxpayer, and the acts of the officers amounted to nonfeasance. In the present case every act of the officers seemed to be legal and not *ultra vires*.

The judgment appealed from is affirmed.