WYMAN SCHAEFFER v. LILLIE J. NEWBERRY
AND OTHERS.
AMERICAN LEGION POST NO. 321 OF ELBOW LAKE,
MINNESOTA, RESPONDENT.[1]

December 24, 1948.

No. 34,799.

---

[1] Reported in 35 N. W. (2d) 287.

*Swanson Brothers,* for appellant.
*F. C. Anderson,* for respondents.

KNUTSON, JUSTICE.

This action was commenced by plaintiff to quiet title to lot 3 of block 2 of citizens addition to the village of Elbow Lake, in Grant county, this state. Defendants all defaulted. Judgment was entered on December 31, 1947, pursuant to findings of fact, conclusions of law, and order for such judgment entered by the trial court. Thereafter, on April 19, 1948, American Legion Post No. 321 of Elbow Lake, Minnesota, a corporation, served notice of motion for an order vacating the judgment and allowing said corporation to appear as a defendant and interpose an answer in the action. Copy of its proposed answer was attached to the motion papers. The trial court by its order dated June 2, 1948, granted the motion to vacate the judgment and allow the corporation to appear as a defendant therein. This appeal followed from that order.

The proposed answer of respondent, Legion Post No. 321, alleges that the real estate involved was owned by one Edward J. Scofield, a resident of Elbow Lake, prior to his death on May 10, 1926. By his last will and testament he devised the property to the village of Elbow Lake to be used for a public park. Said last will and testament was duly admitted to probate, and the final decree of the probate court of Grant county, in the administration of said estate, assigned the property to the village of Elbow Lake "for park purposes." It was accepted by the village and so used for a number of years. The proposed answer further alleges that prior to the commencement of this action the village authorities conspired with plaintiff to sell the property, contrary to the purposes for which it was given to the village, and that the village secretly agreed to refrain from defending this action in order that it might be divested

of title, and that the property was sold to plaintiff pursuant to this conspiracy.

The only question before us is whether respondent is a proper party defendant.

Prior to the passage of L. 1927, c. 180, now M. S. A. 501.12, we had no provision in our statutes for the creation or establishment of a charitable trust. Dwan, *Minnesota's Statute of Charitable Trusts,* 14 Minn. L. Rev. 587; Longcor v. City of Red Wing, 206 Minn. 627, 289 N. W. 570. Prior to the enactment of this statute, we construed gifts to charities as "absolute or on condition rather than in trust." In re Estate of Lundquist, 193 Minn. 474, 478, 259 N. W. 9, 11.

The donor in this case died prior to the effective date of L. 1927, c. 180. Consequently, that act cannot apply. M. S. A. 501.11 specifies the purposes for which express trusts may be created. Paragraph (7) so far as material here reads:

"Any city or village may receive, by grant, gift, devise, or bequest, and take charge of, invest, and administer, free from taxation, in accordance with the terms of the trust, real or personal property, or both, for the benefit of any public library, or any public cemetery, or any public park, located in, or within ten miles of, such city or village, or for the purpose of establishing or maintaining a kindergarten or other school or institution of learning therein."

Under L. 1927, c. 180, the attorney general is entrusted with the duty of representing the beneficiaries of a charitable trust, and it is his duty to enforce such trusts. This provision is in accord with authorities in general and the common law. See, Restatement, Trusts, § 391; 2 Bogert, Trusts and Trustees, § 411, p. 1255; 12 Minn. L. Rev. 653.

While this provision is not applicable here, for the reason that the trust could not have been created under this statutory provision, it does serve to demonstrate the policy of the legislature to leave to the attorney general the power of enforcing a charitable trust. We held in Longcor v. City of Red Wing, 206 Minn. 627, 289 N. W.

570, *supra,* that the same reasons for entrusting this obligation to the attorney general in respect to charitable trusts apply to gifts on condition to a charity or a municipality.

Respondent cites M. & St. L. R. Co. v. Lund, 91 Minn. 45, 97 N. W. 452, in support of its contention that it may defend the action. In that case, we held that a wife having an inchoate interest in her husband's real estate could defend in an action brought to quiet title to real estate. The case is not in point. While the inchoate interest of a wife in her husband's real estate is contingent upon her survival of him, it is nevertheless an interest in real estate that is special to her. It is not held in common with all others in the community, as in the case of a charitable trust or a gift on condition for a public use. Neither are cases involving the right of a beneficiary in a private trust to maintain an action of any help in determining the question now before us.

No showing has been made in this case that the attorney general has refused or will refuse to perform his legal function. If that situation arises, we shall have another question before us. See, State ex rel. Town of Stuntz v. City of Chisholm, 196 Minn. 285, 264 N. W. 798, 266 N. W. 689. Respondent has no special interest in this property that is not common to all citizens of Elbow Lake. Neither does the fact that it is a corporation composed of a membership comprising a large number of the citizens of Elbow Lake give it more right to maintain the action than the individual citizens themselves would have. It has no more authority to defend than it would have to institute an action to preserve the property. The same reasons for the rule requiring the attorney general to appear on behalf of the beneficiaries apply whether a private citizen seeks to enter the action as plaintiff or as defendant. Consequently, respondent has no right to defend this action, and the order of the trial court must be and is reversed.

Reversed.