# JOHN WRIGHT & ASSOCIATES, INC. v. CITY OF RED WING AND OTHERS.

97 N. W. (2d) 432.

June 19, 1959—No. 37,760.

*Fryberger, Townsend & Ewing,* for relator.
*Charles Richardson,* City Attorney, for respondents.

FRANK T. GALLAGHER, JUSTICE.

On petition of the relator the District Court of Goodhue County was ordered to show cause why a writ of mandamus should not be issued compelling it to enter a judgment in accordance with our opinion, John Wright & Associates, Inc. v. City of Red Wing, 254 Minn. 1, 93 N. W. (2d) 660. In that action relator as a taxpayer sought to enjoin the city of Red Wing, its council, and the T. B. Sheldon Auditorium Board, their successors in office, their respective agents, employees, and representatives, from operating, maintaining, or in any other manner using said auditorium as a motion picture show house or theater. The facts giving rise to this action may be found in that opinion.

The district court in that proceeding granted a motion for summary judgment to the city of Red Wing and the T. B. Sheldon Auditorium Board, from which judgment the relator here appealed. This court reversed the judgment of the district court and remanded the matter (254 Minn. 10, 93 N. W. [2d] 666) "to the district court with directions to enter judgment for the plaintiff upon such conditions as the court may direct, having in mind that the time when the injunction shall take effect may be extended to permit the city and the auditorium board to adjust and terminate current contractual commitments in connection with the operation of the unauthorized business."

The district court pursuant to the mandate of the supreme court, so far as is pertinent here, ordered:

"That judgment be entered for the plaintiff permanently enjoining the defendant, City of Red Wing, the City Council of the City of Red Wing, and T. B. Sheldon Auditorium Board from themselves, or any of them, engaging in the operation of the motion picture business in the T. B. Sheldon Memorial Auditorium."

Further, in a memorandum attached to the order the district court stated that it was the understanding of that court that the question of whether or not the city and/or the T. B. Sheldon Auditorium Board may lease the auditorium to a third party was not before the trial court or the supreme court.

The relator claims that this order does not execute the mandate of the supreme court in that it does not enjoin the city or the auditorium board from leasing the auditorium. It contends that this issue was before the trial court and the supreme court and was decided in its favor.

Clearly this court has the power by writ of mandamus to compel compliance with its orders and directions upon the remand of a case to the trial court and where the remand of the case to the trial court is without any express directions the trial court is free to proceed in any manner not inconsistent with the opinion. State ex rel. Broderick v. District Court, 91 Minn. 161, 97 N. W. 581.

Here the remand of the case to the trial court was without any express directions, therefore we are presented with the single issue of whether the trial court proceeded in a manner which was inconsistent

with our opinion. In deciding this question it is necessary to determine if the issue of whether the city of Red Wing or the T. B. Sheldon Auditorium Board could or could not lease the auditorium to one whose intention was to use it for showing motion pictures was presented to the court or decided under our former opinion.

Normally the matters in issue in a proceeding are those raised by the conflicting claims of the parties or asserted in the complaint and issue joined thereon. In re Trust Created by Will of Enger, 225 Minn. 229, 30 N. W. (2d) 694, 1 A. L. R. (2d) 1048; Clements v. Constantine, 344 Mich. 446, 73 N. W. (2d) 889. This is particularly true when the appeal is from a judgment entered pursuant to an order granting summary judgment, which must be rendered on the pleadings, depositions, admissions on file, together with affidavits showing no genuine issue as to any material fact. Rule 56.03 of Rules of Civil Procedure. The effect of a judgment is to be circumscribed by the issues, and if any matter appears in a judgment which is not pertinent to the issues it may be rejected as surplusage. Hanlon v. Hennessy, 87 Minn. 353, 92 N. W. 1.

Upon an examination of the record here we do not find that the issue of authority to lease was before the court, nor can we find that it was raised anywhere in the pleadings. Relator's complaint in the original action first refers to the then existing facts as follows:

"* * * during all times herein mentioned said Auditorium has been *and is operated by said Board,* by and with the knowledge, consent and acquiescence of said City, its Mayor and members of its Council, continuously, primarily and almost exclusively as a motion picture show house * * *." (Italics supplied.)

Another allegation in the complaint states that the acceptance of the auditorium under the conditions expressed in the instrument of conveyance and the manner of operation of the auditorium as a moving picture house as alleged in the complaint has never been voted on or approved by the voters of Red Wing.

The complaint also alleges "That unless restrained and enjoined from so doing, said defendants will continue to operate said Auditorium in the manner aforesaid" and prays for judgment "That said City of Red

Wing is without legal right, power or authority to accept and retain the gift of said real property, * * * for use as a motion picture show house or theatre or merchandising place, as described and alleged * * * and that its action and conduct in the past and at present in so doing is ultra vires." Further, in the prayer for relief the relator requested that the defendants and successors in office and their respective agents, employees, and representatives be enjoined from operating, maintaining, or in any way using said auditorium as a motion picture show house or theater, but no reference is made to lessees.

We are of the opinion that under the record the matter of whether the city or the T. B. Sheldon Auditorium Board may lease the auditorium to a third party was not before the trial court nor was it decided in our opinion, John Wright & Associates, Inc. v. City of Red Wing, *supra*. In other words, we held there that the use of the auditorium in the operation of a moving picture business was in excess of the municipal authority and the authority of the board created to manage the auditorium for the reason that the premises were not used for public purposes and that such activity was an unauthorized private commerical business and had no relation to the purposes of a municipal corporation. Whether or not the city or the board may lease the auditorium to a third party for the purpose of operating a moving picture theater is another question which was not before us. Accordingly, the trial court did not proceed in a manner which was inconsistent with our opinion.

Writ denied.

MURPHY, JUSTICE (concurring).

As I understand the dissenting opinion, it holds that under the provisions of the Sheldon will the leasing of the auditorium to a private party for the operation of a motion picture business is not permitted. This holding must necessarily be based upon an interpretation of the Sheldon trust. The basis for that holding was briefed and argued by the parties, but in our original opinion we based our decision on a different ground. Even if the pleadings had placed in issue the right of the city to use the auditorium in compliance with the terms of the trust, that issue could not be considered because the plaintiff had no standing to raise it. A citizen, resident, or taxpayer may not sue in his

own behalf to compel compliance with conditions impressed upon a gift for a charitable purpose. Only the attorney general may do that. 3 Dunnell, Dig. (3 ed.) § 1423c. M. S. A. 501.12, subd. 3, relating to express trusts for charitable, educational, religious, and other public uses, provides that:

"* * * The attorney general shall represent the beneficiaries in all cases arising under this section and it shall be his duty to enforce such trusts by proper proceedings in the courts."

Our decision did not go beyond the holding that the city could not engage in a private business. It is one thing for the city itself to engage in a private business; it is quite another thing for the city to permit the operation of a private business upon property which it may have the right to lease. We did not attempt to limit the right of the city to use or permit the use of the building for other purposes.

The original opinion does not disturb Anderson v. City of Montevideo, 137 Minn. 179, 162 N. W. 1073, which holds that where a city auditorium is no longer needed for municipal purposes the municipality has the legal right to lease it for private use where it will lighten the burden of taxation. The gist of our decision was that under Nerlien v. Village of Brooten, 94 Minn. 361, 102 N. W. 867, the Wrights were entitled to an injunction because as taxpayers and competitors they were being injured by the act of the city in engaging in a private business. The decision was not intended to leave the city with a large auditorium on its hands which it could not rent out to others for authorized purposes within the holding of Anderson v. City of Montevideo, *supra*.

All we decided was that the city could not operate a movie house in competition with the Wrights. It seems to me, however, that the dissent goes beyond our decision and reaches a new result—namely, that under the terms of the Sheldon trust the city is prevented from leasing the property for use in the conduct of a private business. If our decision had turned upon the issue of the standing of the Wrights to test the authority of the city under the trust, we would have had to affirm the trial court in granting summary judgment. Longcor v. City of Red Wing, 206 Minn. 627, 289 N. W. 570, involved a taxpayer's

action brought to require the city of Red Wing to comply with the provisions of the Sheldon trust. There had been an accumulation in the auditorium fund to the amount of $100,000. Some of this money had been used for purposes other than maintenance of the auditorium. The plaintiff sought to have this money restored to the fund. We held there, however, that the plaintiff was without standing to maintain the action and that the attorney general is the proper party plaintiff to compel compliance with the conditions impressed upon a gift for a charitable purpose. More recently in Schaeffer v. Newberry, 227 Minn. 259, 261, 35 N. W. (2d) 287, 288, we said:

"* * * We held in Longcor v. City of Red Wing, 206 Minn. 627, 289 N. W. 570, *supra,* that the same reasons for entrusting this obligation to the attorney general in respect to charitable trusts apply to gifts on condition to a charity or a municipality."

Here, Wright has no interest in the will as an heir or in any other way. He is legally a stranger to the will and cannot avail himself of any limitation in it. His only standing derives from his right as a taxpayer and competitor. Our decision has given him the only relief to which he is entitled—namely, to be free from the direct competition of a business conducted by the city.

In summary, I think the original opinion should not be disturbed for the reasons (1) if we say that the plaintiff has standing to raise the issue of whether or not the city is complying with the provisions of the Sheldon trust we will be overruling our holdings in Longcor v. City of Red Wing, *supra*; Schaeffer v. Newberry, *supra*; In re Estate of Quinlan, 233 Minn. 35, 45 N. W. (2d) 807; and (2) the matter should be left to the district court to decide on proceedings properly brought by the attorney general how this trust property should be administered.

I concur in the opinion of Mr. Justice Frank T. Gallagher.

NELSON, JUSTICE (dissenting).

I respectfully dissent from the conclusions reached on the issue of whether the authority to lease was before the court below and the supreme court on appeal.

Relator by its complaint asked that the defendants be enjoined from *in any way* using the auditorium involved as a motion picture show house and prayed for judgment:

"(1) That the purpose to which said Auditorium is put as a motion picture show house and theatre and merchandising place, and as described and alleged herein, is not a public or beneficient [sic] purpose within the meaning, intent, power and authority of the donors thereof, as expressed by the terms of the Last Will and Testament of said Theodore B. Sheldon, deceased.

"(2) That said City of Red Wing is without legal right, power or authority to accept and retain the gift of said real property, said Auditorium and said property used, and acquired for use in connection therewith, for use as a motion picture show house or theatre or merchandising place, as described and alleged herein and that its action and conduct in the past and at present in so doing is ultra vires.

"(3) That the Court make and enter its order herein perpetually enjoining and restraining said defendants and each of them, their successors in office and their respective agents, employees and representatives from operating, maintaining or in any way using said Auditorium as a motion picture show house or theatre, or otherwise than for some public and beneficient [sic] purpose."

The complaint was not limited to the ultra vires issue alone or merely that the city's action in operating a motion picture business in the Sheldon auditorium was wrongful. It is to be observed that a copy of the last will and testament of Theodore B. Sheldon; a copy of the Red Wing city ordinance accepting the proposal of the testator; and a copy of the trustees' deed were attached to and made a part of the complaint. Reference was had to L. 1903, c. 22, which enabling act in § 3 provides: "Such property shall for all purposes and so long as the title thereto remains in such city be held to be property owned by such city and used exclusively for public purposes, and shall be exempt from taxation."

The aforesaid deed provides that the T. B. Sheldon Auditorium Board shall have the full power and authority to act pursuant to the following provisions and restrictions:

"* * * Said Board shall for and in behalf of said City have the general charge of the said property, and full power and authority to let or lease the same for musical and theatrical entertainments, public

meetings, lectures and such other purposes as in their judgment may contribute to the education, enjoyment, improvement or amusement of the people of Red Wing. Such Board shall also have exclusive power to fix the rental of said building for such purposes; and may in their discretion grant the use of said Auditorium for *any local public purpose* or for entertainments of an unusually high character, or for memorial services of the Grand Army of the Republic or for similar societies, or for the exercises or entertainments of the public schools or other institutions of learning or of any literary, musical, social, charitable society of Red Wing, or of any political or fraternal organization free or at such reduced rates as they may deem proper." (Italics supplied.)

The aforesaid statement as to the general powers of the board refers to their "full power and authority to let or lease the same for musical and theatrical entertainments," and later in the context provides that "and may in their discretion grant the use of said Auditorium for *any local public purpose* or for entertainments of an unusually high character, * * *." (Italics supplied.)

Clearly these very provisions were a part of the pleadings in toto and were before the court in connection with the question of whether or not plaintiff was entitled to an injunction preventing the use of the auditorium as a movie theater, which can bear no other classification than a commercial or common business venture and which this court found to be an operation constituting unauthorized business on the part of the board under the Sheldon will, the enabling act L. 1903, c. 22, and the provisions and restrictions contained in the city's ordinance and the trustees' deed.

An examination of the foregoing documents clearly establishes that the auditorium should constitute tax-exempt property and should be used exclusively for some public or charitable or beneficent purpose and not for any sectarian purpose. Clearly the purposes for which the building might be let or leased do not lend themselves to operate within it or to let or lease for operation within it the ordinary movie theater operated for profit constituting a commercial or common business venture, whether it is operated directly by the board, or leased by the board and operated therein by a lessee of the board.

It has been stressed in the instant proceeding, following the filing of the decision herein November 28, 1958, that the only mention of leasing in that opinion is the recognition that the documents establishing the auditorium do grant authority to "let or lease" the premises and the recognition of certain case authority for leasing public buildings. It is clear, however, that whatever mention as to a grant of authority to let or lease for stated purposes as contained in the documents attached to and made a part of the complaint were fully before the court below at the time summary judgment was granted in the district court and before this court on appeal by full presentation in the briefs and by oral argument before this court. The city of Red Wing places great reliance upon Longcor v. City of Red Wing, 206 Minn. 627, 289 N. W. 570, as authority for ruling out consideration by this court of what was meant by the words "let or lease" as applied to the action instituted by the court.

It is contended that this court in reversing the court below failed to fully pass upon the issue and decide whether a letting or a leasing of the auditorium for the purposes of commercially operating a movie theater would constitute an ultra vires act on the part of the board. Certainly the Longcor case has adjudicated nothing either directly or by implication that the use of the auditorium as a commercial moving picture operation, whether conducted directly by the board itself or leased in its own behalf as a private enterprise in competition with other private enterprises in the same city, was proper or improper. Whether or not the income derived from the use of the auditorium came from displaying motion pictures or from any other source did not in the Longcor case have any bearing on the issue which the court was therein called upon to decide. The question of ultra vires was not before the court. The issue in that case was whether the situation presented constituted a charitable trust or a gift on condition. Its determination, of course, brought before the court the right of the individual plaintiff to sue. The court reached the conclusion that the plaintiff had no right to sue because those funds were of a public character. The court was concerned with the disposition of the fund and not its source. Having arrived at the conclusion that this was a gift on condition, and that the funds were earmarked funds for a charitable purpose, the court con-

cluded that whether it constituted a charitable trust or gift on condition, in view of our statutes, and under the circumstances, only the attorney general was in a position to maintain the action. The court said in the Longcor case (206 Minn. 634, 289 N. W. 574):

"Plaintiff alleges he sues in his own behalf and on behalf of all the beneficiaries of the 'will and the charity.' In additional allegations it is set forth that he is a citizen, resident, and taxpayer. From the complaint it at once appears that his interest is not any greater than any other taxpayer and citizen of Red Wing. For a variety of reasons, the contention of defendants that plaintiff has not legal capacity (in the sense of the right to maintain a direct action) to sue must be sustained."

The court held that (206 Minn. 627, 289 N. W. 571):

"The attorney general is the proper party plaintiff to compel compliance with the conditions impressed upon a gift for a charitable purpose. A citizen, resident, and taxpayer who sues on his own behalf and on behalf of all the beneficiaries of the 'will and the charity' cannot maintain the action."

The court in coming to that conclusion in the Longcor case, however, said (206 Minn. 636, 289 N. W. 575):

"* * * With the other cases relied upon by plaintiff, such as Regan v. Babcock, 188 Minn. 192, 247 N. W. 12, we do not regard the present opinion as in any way conflicting. Determination whether a particular person has a sufficient interest to justify suit at his instance depends to a large degree upon the facts and circumstances involved. For instance, compare Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040, and the Regan case, *supra*. Naturally, in resolving plaintiff's contention adversely, we are doing so in view of the facts here involved. We do not regard the interest of plaintiff as adequate to justify suit by him since his interest as well as that of the other members of the community can be protected by the attorney general."

John Wright and Associates, Inc., the plaintiff herein, did not sue on its own behalf and on behalf of all the beneficiaries of the will and the charity to enforce the provisions of the Sheldon trust. Plaintiff

brought the suit in its own behalf as a taxpayer to redress its personal damage because of suffering an injury differing in kind, and in degree, from that suffered by the public generally. It is an action to redress a personal wrong to an individual taxpayer in the community, and a wrong which does not involve the public generally in the same degree. It is a private action which the plaintiff is entitled to bring and it is not restricted to the attorney general. It is not an action to enforce a trust for the benefit of the public generally. The attorney general is therefore not a necessary party to bring the action or the only one to bring the action; in fact, the attorney general has no right or duty to seek relief for a private individual to vindicate his rights nor is it contemplated that state funds are expendable for that purpose. See, Schaeffer v. Newberry, 235 Minn. 282, 50 N. W. (2d) 477; Headley v. City of Northfield, 227 Minn. 458, 35 N. W. (2d) 606; Schultz v. Krosch, 204 Minn. 585, 284 N. W. 782; Burns v. Essling, 156 Minn. 171, 194 N. W. 404; Nerlien v. Village of Brooten, 94 Minn. 361, 102 N. W. 867.

In In re Estate of Quinlan, 233 Minn. 35, 44, 45 N. W. (2d) 807, 812, the court had under consideration a charitable trust, and it was held in that case, and properly so, that:

"* * * if an attempt ever is made to deviate from a purely charitable purpose, the public interest will be protected, in that the attorney general has not only the right but the duty to enforce charitable trusts by proper court proceedings."

The holdings in the Longcor and Quinlan cases with reference to the duty of the attorney general to enforce charitable trusts by proper court proceedings have no bearing whatsoever upon the rights of the plaintiff, John Wright and Associates, Inc., to maintain its private action as a taxpayer under the circumstances alleged. The Longcor and Quinlan cases simply follow the rule referred to in 3 Dunnell, Dig. (3 ed.) § 1423c.

It has been suggested that in order to prevent the purposes of the trust from failing entirely and to secure a benefit to the community through the leasing proposed herein there should be a reversal or a modification of the use of the property and that this problem should

be left to the district court under M. S. A. 501.12, subd. 3. However, § 501.12, subd. 4, states specifically that nothing in that section shall in any manner impair, limit, or abridge the operation and efficacy of the whole or any part of any existing statute authorizing the creation of corporations for charitable purposes or permitting municipal corporations to act as trustee for any public or charitable purpose under any existing statute and that nothing in that section shall apply to any gift, bequest, devise, or trust made, created, or arising by or under the provisions of the will of any person whose decease occurred before that section became effective. The decedent herein leaving property in trust to the city of Red Wing died in the year 1900. Section 501.12 became effective by legislative enactment of L. 1927, c. 180. There is hardly such uncertainty as to object and beneficiary in the Sheldon trust and the supporting documents as to call into play the doctrine of cy pres.

The plaintiff in its prayer for relief asks the court for its judgment and decree to the effect that defendants, including the members of the board and each of them and their successors in office and their respective agents, employees, and representatives be enjoined from operating, maintaining, or in any way using the auditorium as a motion picture show house or theater, or otherwise than as provided for some public and beneficent purpose. Any and all authority to lease and let was before the court when the matter was heard and decided below and before this court on appeal in pleadings, briefs, and oral argument. Furthermore, this court said on that appeal, John Wright & Associates, Inc. v. City of Red Wing, 254 Minn. 1, 8, 93 N. W. (2d) 660, 665, that "The operation of a private business upon the premises was never contemplated by the testator nor authorized by the legislature. The business was unauthorized from its inception." This court further said (254 Minn. 9, 93 N. W. [2d] 666) "We hold that the plaintiff * * * whose business is injured by the activity conducted by the city, is entitled to an injunction preventing the continued unauthorized business."

Not only the pleadings and the exhibits attached and made a part thereof but also the briefs and the oral argument made before this court indicate that the plaintiff dwelt upon two points especially; that the "testator's intent as expressed in his will must be respected" and

that the "use of the property must be within the conditions of the gift." Neither the provisions of the will, nor the contents of the other exhibits made a part of the plaintiff's complaint, nor L. 1903, c. 22, permit here the commercial operation of a motion picture business under the guise of a public and beneficent purpose. The operation of a moving picture theater, whether by this board or its lessee, being a well-recognized competitive business comparable to other everyday businesses carried on up and down the streets of our cities clearly constitutes the operation of a private business venture upon the premises which was never contemplated by the testator nor authorized by the legislature nor by any of the documents made a part of the pleadings herein or the record before this court on appeal.

I am of the opinion that the writ of mandamus should issue as applied for.

MATSON, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Nelson.

DELL, CHIEF JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Nelson.