In re the Marriage of Bernadine Mary
SWARD, Petitioner, Respondent,

v.

Steven L. SWARD, Appellant.

No. C5–87–423.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Review Granted Sept. 30, 1987.

James E. Dehn, Dehn and Joslin, Cambridge, for respondent.

J. Bertram Press, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Steven Sward appeals the trial court's child support and maintenance awards and a permanent restraining order. We affirm.

## FACTS

Steven Sward and Bernadine Sward were married in 1963 and have one minor child, Theresa, 16 years old at the time of the hearing. Steven has a 100% permanent disability from military service sustained before the marriage. He receives a disability benefit of $1,391 per month from the Veteran's Administration and $738 from Social Security. There is an additional social security dependent's benefit of $376 per month for Theresa. The court found his monthly expenses to be $1,000.

The trial court ordered child support of $532.25 per month, 25% of Steven's net monthly income of $2,129 per month. No offset from this obligation was allowed for the social security dependent's payment, which the court ordered paid directly to Bernadine. The trial court ordered child support to continue until Theresa's high school graduation (or until the earliest of other events if earlier than graduation). She anticipates graduating in June of 1988.

The court found Bernadine has the ability to earn $240 per month working part time while attending school, and that she will graduate with a four-year degree in June of 1990. It found her reasonable monthly expenses to be $1,750, leaving a difference of $600 between her expenses and her income, including child support and the social security payment. The court ordered maintenance in this amount and then increased it to $1,000 after child support ends, "to defray fixed costs of [Bernadine] as custodian," until June 1990.

The court awarded Bernadine occupancy of the homestead, which it valued at $69,900, with equity of approximately $58,500. The court ordered the parties to either sell the house or settle their respective interests when Theresa graduates or Bernadine remarries, dies, or abandons the homestead. The proceeds of the sale are to be divided equally, less several offsets in favor of Bernadine. These include: $10,618 to equalize the total property awards; one-half of principal payments, taxes, insurance and maintenance, repair and improvements on the home; one-half of nonreimbursed medical expenses; and attorney's fees.

The trial court included a permanent restraining order in the decree, requiring Steven to pick Theresa up for visitation at the end of the driveway and restraining him from entering the homestead property. Each party was restrained from harassing the other. The court found Steven had

> violat[ed] prior Court Restraining Orders in entering the homestead and in injuring [Bernadine], all in the presence of the minor child.

## ISSUES

1. Did the trial court err in considering social security and military disability benefits as "income" to be considered in setting child support and maintenance?

2. Did the court abuse its discretion in setting the amount of maintenance?

3. Did the court abuse its discretion in dividing the proceeds from the sale of the homestead?

4. Did the court exceed its authority by including a permanent restraining order?

## ANALYSIS

### I

Steven contends the trial court's support order violates federal law exempting military disability benefits from division in dissolution cases and from attachment or assignment. *See* 10 U.S.C. § 1408(a)(4), 42 U.S.C. § 659(a). The court, however, only considered the benefits as income relevant to a determination of appropriate child support and maintenance.

■ Minn.Stat. § 518.54, subd. 6 (1986) defines "income" to include "military and naval retirement, pension and disability payments." Military disability benefits may be considered as income although they may not be divided as a marital asset. *See In re Marriage of Bornstein*, 359 N.W.2d 500 (Iowa Ct.App. 1984); *Leighton v. Leighton*, 81 Wis.2d 620, 261 N.W.2d 457 (1978).

■ Social security benefits are not listed as "income" in the statute nor have they been expressly included by judicial decision. However, child support has been ordered paid by obligors whose income was limited to social security benefits. *See In re Marriage of Haynes*, 343 N.W.2d 679, 680 (Minn.Ct.App.1984) (child's receipt of dependent's benefits did not constitute a child support payment). Social security benefits are not exempt from garnishment or other legal process to enforce child support. *See* 42 U.S.C. § 659.

■ We conclude that both military and social security disability benefits may be considered as "income" in setting child support and maintenance awards.

### II

■ Steven argues the maintenance ordered is excessive and beyond his capacity to pay. The trial court's finding adequately addresses the factors set out in Minn. Stat. § 518.552, subd. 2 (1986). Bernadine does not receive any significant property settlement until the homestead is sold or one of the parties buys out the interest of the other. She lacks sufficient property to meet her reasonable needs and is unable to support herself adequately without significant training or education. *See* Minn.Stat. § 518.552, subd. 1(a), (b) (1986). Her expenses exceed her income, including child support. She has foregone employment opportunities during the marriage, and Steven is able to pay the $600 per month initially ordered, plus child support. *See* Minn.Stat. § 518.552, subd. 2(a), (b), (e), (g) (1986).

■ As to the future increase in maintenance when the property division is settled with sale of the homestead or buy-out of either spouse's interest, the statute does allow the court to consider, in setting the amount and duration of maintenance,

the extent to which a provision for support of a child living with the party includes a sum for that party as custodian * * *.

Minn.Stat. § 518.552, subd. 2(a) (1986).

■ While it is questionable Bernadine's needs will require an increase in maintenance when child support ends and the property division is settled, the ultimate settlement results are uncertain. We recognize that in determining the amount and duration of spousal maintenance, courts normally do not expect a spouse to invade the principal of her assets in order to meet monthly expenses. *Fink v. Fink*, 366 N.W.2d 340, 342 (Minn.Ct.App.1985). If circumstances have changed at the time of property division, the parties may move for a modification. Minn.Stat. § 518.64, subd. 2 (1986).

### III

■ Steven contends the court abused its discretion in ordering one-half of all maintenance and repair on the house and one-half of non-reimbursed medical expenses to be taken out of his share of the equity in the house. We find no abuse of discretion. Costs of home ownership are an expense properly apportioned, not only as a fixed cost of providing shelter to the minor child, but also as an expense of maintaining equity in the home, from which Steven will receive a benefit. *See Rutten v. Rutten*, 347 N.W.2d 47, 51 (Minn.1984) (ordering husband to pay one-half of mortgage, taxes, insurance and house maintenance not an abuse of discretion).

The minor child is diabetic, and requires special medical care. Although she is entitled to medical benefits through Steven's disability program, there are non-reimbursed medical expenses. The court did not abuse its discretion in apportioning the non-reimbursed medical expenses.

## IV

Steven contends the trial court did not have authority to issue a permanent restraining order. The court had issued a temporary order restraining Steven from entering the residence, but he allegedly went to the residence anyhow, and threatened to kill Bernadine. The court found sufficient basis for a contempt of court finding and ordered Steven jailed until a formal hearing. The parties later stipulated to a temporary restraining order.

The dissolution statutes do not expressly authorize permanent injunctive relief. The trial court, however, has inherent power to grant equitable relief in a marriage dissolution proceeding. *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 758 (Minn. 1981) (court had authority to order restitution for one spouse's contributions to the other's professional education). We conclude the court had the implicit power to restrain Steven from entering the homestead whose occupancy it had awarded to Bernadine under Minn.Stat. § 518.63 (1986). It could also restrain his entry onto the homestead for purposes of exercising visitation. *See* Minn.Stat. § 518.175, subd. 1 (1986).

## DECISION

The trial court did not err in considering appellant's disability benefits as "income." The court did not abuse its discretion in setting maintenance or in dividing the marital property. The court had authority to include in the decree a permanent restraining order.

Affirmed.