**ROY MATSON TRUCK LINES, INC., Respondent,**

v.

**MICHELIN TIRE CORPORATION, Appellant.**

No. 48389.

Supreme Court of Minnesota.

March 16, 1979.

Faegre & Benson, Martin N. Burke and John H. Hinderaker, Minneapolis, for appellant.

Messerli, Roe, Balogh & Kramer, R. Thomas Roe, and David R. Kracum, Minneapolis, for respondent.

Heard by SHERAN, C. J., and SCOTT and WAHL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

Plaintiff brought suit under the theory of strict liability for damages it suffered when a tire on one of its trucks blew out. The Hennepin County District Court, sitting without a jury, found that it was more probable that the tire in question was defective than that plaintiff's driver had misused it by under inflating it and granted judgment for plaintiff. We affirm.

Plaintiff, a trucking firm, purchased the tire in question in 1968 and mounted the tire on one of its trucks in 1971. On July 18, 1972, the tire blew out causing damages totalling $15,252.96. All three experts who testified at trial agreed that the blowout was not the result of normal use and that there was no evidence that a sharp object had injured the tire. Plaintiff's expert claimed the blowout was caused by a bonding defect in the tire. Defendant's experts disagreed and claimed the blowout was caused by misuse of the tire, i. e., not checking the air pressure daily with a tire gauge and using a tube one size smaller than the tire.

The sole issue on appeal is whether the trial court's findings were clearly erroneous. Rule 52, Rules of Civil Procedure. We will reverse a trial court's findings only if, on a review of the entire record, we are

left with a firm and definite conviction that a mistake has been made. *In re Trust Known as Great Iron Ore Properties,* 308 Minn. 221, 225, 243 N.W.2d 302, 305 (1976); *In re Estate of Balafas,* 293 Minn. 94, 96, 198 N.W.2d 260, 261 (1972).

We find no error in the trial court's findings. The issue before the trial court was whether the blowout was caused by a defect in the tire or misuse of the tire. The resolution of this issue depended on which witnesses the trial court believed. The trial court, sitting without a jury, is the sole judge of the credibility of witnesses and may accept all or only part of any witness' testimony. See, *State v. Poganski,* 257 N.W.2d 578 (Minn.1977); *Seidl v. Trollhaugen,* 305 Minn. 506, 232 N.W.2d 236 (1975); *State v. Hoskins,* 292 Minn. 111, 193 N.W.2d 802 (1972). The trial court did not err in relying on the testimony of plaintiff's expert. This testimony was supported by the physical evidence as well as the testimony of the truck driver and plaintiff's secretary-treasurer who checked the tires of all plaintiff's trucks on a weekly basis.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.