**In the Matter of the TERMINATION OF the Parental Rights of Amy TANGHE.**

No. A03–760.

Court of Appeals of Minnesota.

Dec. 30, 2003.

**624**

Paul E. Grabitske, Eskens, Gibson & Behm Law Firm, Chtd., Mankato, MN, for Appellant.

Richard R. Maes, Lyon County Attorney, Tricia Zimmer, Assistant County Attorney, Marshall, MN, for Respondent.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and WRIGHT, Judge.

## OPINION

LANSING, Judge.

The district court terminated Amy Tanghe's parental rights for failure to correct conditions that resulted in her children's placement outside the home. Be-

cause the district court did not address the children's best interests in the original or amended order, we remand for findings on whether termination is in the children's best interests.

## FACTS

Amy Tanghe is the mother of three children, ages six, four, and two years. In April 2002 Lincoln, Lyon, and Murray Human Services (collectively, "the county") filed a children in need of protection or services (CHIPS) petition on behalf of the children. The petition was based on multiple reports that Tanghe was abusing drugs, neglecting her children, and living in unsuitable housing. The county took immediate custody of the children and placed them with their maternal grandmother. The children were adjudicated in need of protection or services in late April, and the county developed a case plan for each child.

In September and October the county concluded that Tanghe was not complying with her responsibilities under the case plans, and, in December, the county petitioned to terminate Tanghe's parental rights. In the petition, the county alleged that reasonable efforts under the court's direction had failed to correct the conditions that lead to the children's placement outside their home and that the children were neglected and in foster care. The following month the county requested that the children be removed from their grandmother's care and placed in a foster home. The court authorized the transfer.

The court held a hearing on the termination petition in May 2003. Following the hearing the court issued an order terminating Tanghe's parental rights and the parental rights of the children's fathers. Tanghe appeals from the original and amended order, contending that the court failed to make findings on the children's

best interests, the statutory grounds for termination have not been satisfied, and the court failed to consider Tanghe's current attempts to address her chemical dependency.

## ISSUE

Does the absence of findings on the children's best interests in a termination-of-parental-rights proceeding under Minn. Stat. § 260C.301 (2002) constitute error that requires remand?

## ANALYSIS

 On appeal from an order terminating parental rights, we consider whether the district court's findings address the statutory criteria, whether those findings are supported by substantial evidence, and whether they are clearly erroneous. *In re Welfare of P.R.L.*, 622 N.W.2d 538, 543 (Minn.2001). Our review takes into account the substantive evidentiary burden of clear and convincing evidence. *In re Welfare of Clausen*, 289 N.W.2d 153, 156 (Minn.1980).

 Parental rights may be terminated for one of nine statutory reasons. Minn. Stat. § 260C.301, subd. 1(b) (2002). If a statutory condition has been met, "the paramount consideration" in determining whether parental rights will be terminated is "the best interests of the child." Minn. Stat. § 260C.301, subd. 7 (2002). An order terminating parental rights must explain the district court's rationale for concluding why the termination is in the best interests of the children. *In re Welfare of D.T.J.*, 554 N.W.2d 104, 110 (Minn.App.1996); *see also* Minn. R. Juv. P. 76.05 (requiring that disposition order shall include a "statement explaining how the disposition serves the best interests of the child").

The county acknowledges that neither the original nor the amended district court order contains findings or conclusions on the children's best interests. But the county contends that because the evidence addresses best-interests considerations and the court relied on this evidence, the court necessarily considered the children's best interests in deciding to terminate parental rights.

In some circumstances reviewing courts, while recognizing that findings are legally insufficient, will nonetheless undertake an examination of the record to determine whether a decision is objectively justified. *See State v. Shoen*, 578 N.W.2d 708, 713–14 (Minn.1998) (examining record when findings deficient on need for prisoner restraints); *Scruggs v. State*, 484 N.W.2d 21, 24–25 (Minn.1992) (discussing independent examination of record when postconviction court fails to make required findings). But even in these circumstances, the appellate court will remand if it cannot ascertain whether the district court actually considered each claim. *Id.*

 Determination of a child's "best interests," however, is generally not susceptible to an appellate court's global review of a record. The supreme court, in reviewing a jurisdiction determination based on best-interests, concluded that an appellate court's combing through the record to determine best interests is inappropriate because it involves credibility determinations. *Schmidt v. Schmidt*, 436 N.W.2d 99, 105 (Minn.1989). Similarly, in reviewing a best interests analysis in a custody determination the court reasoned that "much must be left to the discretion of the trial court" in applying a best-interests analysis because "[s]ome statutory criteria will weigh more in one case and less in another." *Maxfield v. Maxfield*, 452 N.W.2d 219, 223 (Minn.1990). Considering a child's best interests is particularly important in a termination proceeding because "a child's best interests may pre-

clude terminating parental rights" even when a statutory basis for termination exists. *In re Welfare of M.P.*, 542 N.W.2d 71, 74 (Minn.App.1996), *overruled in part on other grounds by In re Welfare of J.M.*, 574 N.W.2d 717, 722–24 (Minn.1998).

For all of these reasons, we reaffirm our previous decisions that the district court, in a termination proceeding, must consider a child's best interests and explain its rationale in its findings and conclusions. We recognize that earlier decisions have not reversed and remanded for failure to make specific findings on best interests in termination-of-parental-rights proceedings. *See, e.g., In re Welfare of D.F.B.*, 412 N.W.2d 406, 411 (Minn. App.1987), *review denied* (Minn. Nov. 18, 1987). But these decisions predate the legislature's statutory declaration in 1988 that the best interests of the child is the paramount consideration in determining whether to terminate parental rights. 1988 Minn. Laws ch. 514 § 8; *Welfare of M.P.*, 542 N.W.2d at 74.

Without a specific finding on the best interests of the children, we are unable to address Tanghe's substantive challenges to the district court's decision to terminate her parental rights. As the supreme court observed in a child custody case, when the findings do not adequately address best interests, they are "inadequate to facilitate effective appellate review, to provide insight into which facts or opinions were most persuasive of the ultimate decision, or to demonstrate the court's comprehensive consideration of the statutory criteria." *In re Welfare of M.M.*, 452 N.W.2d 236, 239 (Minn.1990).

## DECISION

The absence of district court findings on the best interests of the children in a termination-of-parental-rights proceeding precludes effective appellate review because we are unable to determine whether the district court adequately considered the statutorily mandated best-interests factor. We therefore remand for findings on the children's best interests.

**Remanded.**