*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0830**

In the Matter of the Welfare of the Children of:
N. M. L. and E. R. L., Parents.

**Filed October 19, 2015**
**Affirmed**
**Kirk, Judge**

Itasca County District Court
File No. 31-JV-14-1634

Darla M. Nubson, Nubson Law Office, PLLC, Grand Rapids, Minnesota (for appellant E.R.L.)

John J. Muhar, Itasca County Attorney, Mary J. Evenhouse, Assistant County Attorney, Grand Rapids, Minnesota (for respondent Itasca County Health and Human Services)

Nichole J. Carter, Carter Law Office, PLLC, Cloquet, Minnesota (for respondent N.M.L.)

Kim Allen, Grand Rapids, Minnesota (respondent guardian ad litem)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

On appeal from an order terminating his parental rights, appellant-father argues that the district court: (1) did not adequately address the children's best interests;

(2) erred by determining that termination of his parental rights was in the children's best interests; and (3) erred in denying his request for an evidentiary hearing on remand. We affirm.

## FACTS

On August 21, 2014, the district court terminated, by default, the parental rights of mother N.M.L. and appellant-father E.R.L. to B.L., age seven, and T.L., age six. The termination of parental rights (TPR) was grounded upon the parents' chronic drug use, despite the reasonable efforts of Itasca County Health and Human Services to help the parents address their chemical-dependency issues. In the TPR proceedings, the district court took judicial notice of reports filed by social workers and the guardian ad litem, all findings, conclusions, and orders in previous child protection files, and two harassment restraining order cases.

The children were first taken into protective custody in November 2010. On February 9, 2011, the parents admitted that the children were in need of protection or services because of their chemical-dependency issues. In July, after E.R.L. complied with court-ordered services, the children were returned to his care. On December 12, the district court granted E.R.L. sole physical and sole legal custody of the children, and allowed N.M.L. parenting time if sober.

In March 2014, the children were again taken into protective custody. As before, the parents admitted that the children were in need of protection or services. Specifically, E.R.L. admitted that he had resumed using drugs and had allowed N.M.L. to be with the

children while she was using drugs. Both parents admitted that their lack of sobriety had interfered with their ability to properly and safely parent the children.

In June 2014, Itasca County petitioned for the termination of E.R.L.'s and N.M.L.'s parental rights. After the parents repeatedly failed to appear at hearings, the district court terminated their parental rights to the children by default. In its findings, conclusions, and order filed on August 27, the district court found clear and convincing evidence that their parental rights should be terminated pursuant to Minn. Stat. § 260C.301, subd. 1(b)(5) (2014), and that termination was in the children's best interests. The district court denied the parents' subsequent motions to vacate the default judgment.

Following consolidated appeals by the parents, this court held that: (1) the district court did not abuse its discretion by denying the parents' motions to vacate the default TPR order; (2) the evidence was sufficient to support the district court's finding that a statutory basis existed for terminating E.R.L.'s parental rights; and (3) the district court failed to make particularized findings sufficient to permit meaningful review of its conclusory finding that termination of parental rights was in the children's best interests. *In re Welfare of Children of N.M.L.*, Nos. A14-1650, A14–1669, 2015 WL 1401694, *3-*5 (Minn. App. Mar. 30, 2015). We remanded for best-interests findings. *Id.* at *5.

On remand, the district court added the following findings in support of its conclusion that termination was in the children's best interests:

> The children's need for permanency in a safe, stable, and drug-free home outweighs any interests the parents or the

3

children have in maintaining the parent-child relationship. Termination of [p]arental [r]ights is in the children's best interests because they have been in out of home placement for a total of 380 days, and they need and deserve a stable, permanent, safe and loving home that will be able to meet their developmental, emotional and physical needs. The children need a home that is free from substance abuse. [The parents] have not been able to follow through to address their significant chemical dependency issues that interfere with their ability to parent their children. Although the parents love the children and have expressed a desire to reunify at previous hearings, they have failed to address the issues that led to the children being placed out of the home, and have now failed to appear for the pretrial hearing and their whereabouts are unknown. The children's needs are paramount.

E.R.L. appeals.

**DECISION**

"[P]arental rights may be terminated only for grave and weighty reasons." *In re Welfare of Child of W.L.P.*, 678 N.W.2d 703, 709 (Minn. App. 2004). "We review a district court's ultimate determination that termination is in a child's best interest for an abuse of discretion." *In re Welfare of Children of J.R.B.*, 805 N.W.2d 895, 905 (Minn. App. 2011). "[D]etermination of a child's best interests 'is generally not susceptible to an appellate court's global review of a record,' and . . . 'an appellate court's combing through the record to determine best interests is inappropriate because it involves credibility determinations.'" *In re Welfare of Child of D.L.D.*, 771 N.W.2d 538, 546 (Minn. App. 2009) (quoting *In re Tanghe*, 672 N.W.2d 623, 625 (Minn. App. 2003)).

On appeal, we examine the record to determine whether the district court applied the appropriate statutory criteria and made findings that are not clearly erroneous. *In re*

4

*Welfare of D.L.R.D.*, 656 N.W.2d 247, 249 (Minn. App. 2003). A finding is clearly erroneous when "it is either manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Welfare of Children of T.R.*, 750 N.W.2d 656, 660–61 (Minn. 2008) (quotation omitted). We give the district court's decision to terminate parental rights considerable deference, but "closely inquire into the sufficiency of the evidence to determine whether it was clear and convincing." *In re Welfare of Children of S.E.P.*, 744 N.W.2d 381, 385 (Minn. 2008).

The paramount consideration in all juvenile-protection proceedings is the "best interests of the child." Minn. Stat. §§ 260C.001, subds. 2, 3, .301, subd. 7 (2014); *In re Welfare of Child of B.J.-M.*, 744 N.W.2d 669, 672 (Minn. 2008); *In re Welfare of M.D.O.*, 462 N.W.2d 370, 378 (Minn. 1990). A child's best interests may "support a refusal" to terminate parental rights despite the presence of one or more of the statutory bases for termination. *In re Welfare of M.P.*, 542 N.W.2d 71, 74 (Minn. App. 1996), *overruled in part on other grounds by In re Welfare of J.M.*, 574 N.W.2d 717, 722–24 (Minn. 1998). "[I]t is presumed that the child's best interests are served by being with a parent." *In re Welfare of P.R.L.*, 622 N.W.2d 538, 543 (Minn. 2001).

"The 'best interests of the child' means all relevant factors to be considered and evaluated." Minn. Stat. § 260C.511(a) (2014). The district court is required to make findings analyzing: (1) the child's interest in preserving the parent-child relationship; (2) the parent's interest in preserving the parent-child relationship; and (3) any competing interests of the child. Minn. R. Juv. Prot. P. 39.05, subd. 3(b)(3). "Competing interests

5

include such things as a stable environment, health considerations and the child's preferences." *In re Welfare of R.T.B.*, 492 N.W.2d 1, 4 (Minn. App. 1992). Conflicts between the interests of the child and the parents are resolved in favor of the child. Minn. Stat. § 260C.301, subd. 7 (2014). In TPR cases, consideration of a child's best interests includes "a review of the relationship between the child and relatives and the child and other important persons with whom the child has resided or had significant contact." Minn. Stat. § 260C.511(b) (2014).

## I.     The district court's best-interests findings are adequate for appellate review.

To be adequate, the district court's best-interests findings must facilitate effective appellate review, provide insight into which facts or opinions were most persuasive for the court's ultimate decision, and demonstrate the court's comprehensive consideration of the statutory criteria. *Tanghe*, 672 N.W.2d at 626. The district court's best-interests findings need not "go into great detail." *W.L.P.*, 678 N.W.2d at 711.

E.R.L. argues that the district court's best-interests findings are inadequate for appellate review. We disagree and find the findings sufficient to allow appellate review under *Tanghe*. While relatively brief and general, the district court's best-interests findings are sufficient to support its determination that termination of E.R.L.'s parental rights was in the children's best interests. Although the district court did not describe any particular interest of the children in preserving the parent-child relationship, it found that any such interest was outweighed by the children's need "for permanency in a safe, stable, and drug-free home." The district court addressed E.R.L.'s interest in preserving

6

the parent-child relationship by recognizing his love for the children and expressed desire for reunification. The findings regarding the children's needs for a stable, substance-abuse-free home and E.R.L.'s inability to provide for those needs adequately address the "competing interests of the child[ren]." *See* Minn. R. Juv. Prot. P. 39.05, subd. 3(b)(3).

Considering that the children are six and seven years old, the district court, on this record, did not abuse its discretion by not considering their custodial preferences. *See Johnson v. Johnson*, 424 N.W.2d 85, 86, 88 (Minn. App. 1988) (noting district court may give considerable weight to preference of children as young as eight years old); *cf. Petersen v. Petersen*, 394 N.W.2d 586, 588 (Minn. App. 1986) (seven-year-old child "in the bright-superior range" capable of expressing custodial preference), *review denied* (Minn. Dec. 17, 1986). Although the district court made no explicit findings regarding either child's relationship with relatives or other important persons with whom he/she has resided or had significant contact, there is no legal authority indicating that such findings are mandatory, despite Minn. Stat. § 260C.511(b)'s directive to consider these relationships.

## II. The district court did not abuse its discretion in finding that termination of E.R.L.'s parental rights was in the children's best interests.

E.R.L. argues that the district court's lack of findings identifying his and each child's interest in maintaining the parent-child relationship shows that the evidence was insufficient to conclude that the TPR was in the children's best interests. He also argues that the amount of time the children have spent in out-of-home placement was insufficient to independently support the district court's best-interests determination.

Finally, he asserts that the district court's failure to identify an available, suitable permanent home indicates that the children will remain in out-of-home placement, contrary to their best interests. These arguments are unavailing.

As described above, the district court's findings addressed E.R.L.'s interest in maintaining the parent-child relationship. Importantly, a parent's love and desire to regain custody may be insufficient for reunification. *See In re Welfare of A.D.*, 535 N.W.2d 643, 650 (Minn. 1995) (concluding that mother's love for child and desire to regain custody were not sufficient to support reunification where she failed to demonstrate requisite parenting skills); *Matter of Welfare of A.J.C.*, 556 N.W.2d 616, 622 (Minn. App. 1996) (concluding that despite appellant's love for and bond with her children, her inability to comply with parental duties due to alcoholism and drug addiction warranted termination), *review denied* (Minn. Mar. 18, 1997).

While the district court did not describe the children's interests in maintaining the parent-child relationship in a detailed manner, it showed its consideration of this factor by stating that any interest they had was outweighed by their need for a safe, permanent home. The record contains evidence that the children are bonded to father. However, there is no significant evidence that being in the care of others is harmful to the children. The children's extended period of out-of-home placement relates to their need for stability and is only one fact that the district court cited in its determination. *See R.T.B.*, 492 N.W.2d at 4 (describing "a stable environment" as a competing interest of the child).

Although the district court did not identify an available, suitable permanent home for the children, this finding is not necessary to support a determination that a TPR is in a child's best-interests. *See e.g.*, *J.M.*, 574 N.W.2d at 724 (holding that the termination statute does not require assessment of a child's adoptability). Further, the record reflects that the children's current placement is suitable and may be permanent.

After a thorough review of the record, including the extensive evidence of E.R.L.'s chronic failure to address his chemical-dependency issues, it is clear that the district court did not abuse its discretion in ruling that termination of E.R.L.'s parental rights was in the children's best interests. *J.R.B.*, 805 N.W.2d at 905.

## III. The district court did not err in denying an evidentiary hearing on remand.

E.R.L. argues that the district court erred in denying his request for an evidentiary hearing on remand from his first appeal. "A [district] court's duty on remand is to execute the mandate of the remanding court strictly according to its terms." *Duffey v. Duffey*, 432 N.W.2d 473, 476 (Minn. App. 1988). "When the [district] court receives no specific directions as to how it should proceed in fulfilling the remanding court's order, the [district] court has discretion in handling the course of the cause to proceed in any manner not inconsistent with the remand order." *Id.*

While the district court did not have the benefit of testimony at the default hearing, it took judicial notice of significant evidence from the current and previous child-protection proceedings, as well as two harassment restraining order cases. This evidence included the extensive written findings and opinions of social workers, service providers,

and the guardian ad litem. This record sufficiently supports the district court's conclusion that termination of E.R.L.'s parental rights was in the children's best interests. Therefore, the district court did not abuse its discretion in denying an evidentiary hearing on the children's best interests on remand.

**Affirmed.**