*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1603**

In the Matter of the Welfare of the Child of: C. J. W. and L. S. G., Parents.

**Filed March 2, 2026
Affirmed
Larson, Judge**

Koochiching County District Court
File No. 36-JV-23-788

Mary I. Johnson, Johnson Law Firm, P.A., Virginia, Minnesota (for appellant mother C.J.W.)

Joshua P. Nuckols, Joshua Nuckols Law, Pine City, Minnesota (for respondent father L.S.G.)

Jeffrey Naglosky, Koochiching County Attorney, Molly French, Assistant County Attorney, International Falls, Minnesota (for respondent Koochiching County Public Health and Human Services)

Angela J.S. Sonsalla, Perham, Minnesota (for guardian ad litem Ashlee Larson)

Considered and decided by Larson, Presiding Judge; Schmidt, Judge; and Florey, Judge.[*]

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

In this appeal after remand, appellant-mother C.J.W. (mother) challenges the district court's decision to deny her private petition to terminate respondent-father L.S.G.'s (father)

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

parental rights to their joint child. Specifically, mother argues the district court abused its discretion when it determined that termination was not in the child's best interests. Because the district court's best-interests determination addressed the appropriate criteria and has support in the record, we affirm.

**FACTS**

Mother and father have one joint child, a son (the child), who was born in 2017. The parties were never married but lived together with the child and mother's two other children for the first five years of the child's life. During that time, father was actively involved in caring for the child.

In mid-2022, father was charged with two counts of second-degree criminal sexual conduct after mother's daughter from a previous relationship (daughter) disclosed that father had sexually abused her. Father continued to have contact with the child until that December, when mother requested supervised visits. Father refused, explaining that he did not want supervised visitation to be the child's last memory of him if he was sent to prison. In January 2023, father was convicted of both charges and received a probationary sentence, a downward dispositional departure. His probation conditions required him to participate in sex-offender treatment, and his treatment program prohibits him from having any contact with minor females but not minor males.

In November 2023, mother filed a private petition to terminate father's parental rights to the child. At the time she filed the petition, mother had sole legal custody and sole physical custody of the child. In the petition, mother asserted multiple statutory bases

2

to terminate father's parental rights and argued that termination was in the child's best interests.

During a two-day trial in July 2024, the district court received numerous exhibits, including records from father's probation and sex-offender treatment, and testimony from ten witnesses: mother, father, father's probation agent, a social worker, the guardian ad litem (GAL), the child's maternal grandmother, two of father's older children from a previous relationship (the older children), father's neighbor, and mother's husband. Based on this evidence, the district court found that mother presented clear and convincing evidence to prove two statutory bases for terminating father's parental rights: (1) father inflicted egregious harm on daughter while daughter was in father's care and (2) father was convicted of an offense requiring him to register as a predatory offender. *See* Minn. Stat. § 260C.301, subd. 1(b)(5), (8) (2024).[1] Nonetheless, the district court determined that, despite those bases, it was not in the child's best interests to terminate father's parental rights and denied the petition.

Mother appealed. We determined that the district court's findings on the child's best interests were insufficient for appellate review and remanded for further findings, providing that the district court had "discretion to reopen the record, and if necessary, require the parties to submit expert material or data on the issue." *In re Welfare of Child of C.J.W.*, No. A24-1591, 2025 WL 957962, at *3 (Minn. App. Mar. 31, 2025).

---

[1] We generally apply the law in effect at the time we decide a case, unless doing so would alter vested rights or result in a manifest injustice. *See Interstate Power Co. v. Nobles Cty. Bd. of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000). Because there were no substantive amendments to the relevant statutes, we apply the current version.

On remand, the district court granted mother's request to reopen the record to receive additional expert evidence. Mother submitted a report from the child's psychologist, and father submitted a report from a psychologist, both addressing the child's contact with father. Thereafter, the district court filed an amended order denying the petition. In doing so, the district court retained its determination that mother proved two bases for termination. But the district court again determined that termination was not in the child's best interests, making more than six pages of findings and conclusions on that point.

Mother appeals.

## DECISION

A natural parent is generally presumed to be "fit and suitable" to care for their child, and a court may terminate a parent's rights to their child only for "grave and weighty reasons." *In re Welfare of K.L.W.*, 924 N.W.2d 649, 653 (Minn. App. 2019) (quotation omitted), *rev. denied* (Minn. Mar. 8, 2019). To terminate parental rights, a district court must find at least one of the eight statutory bases for termination is supported by clear and convincing evidence.[2] *In re Welfare of Child of J.H.*, 968 N.W.2d 593, 600 (Minn. App. 2021), *rev. denied* (Minn. Dec. 6, 2021); *see also* Minn. Stat. § 260C.301, subd. 1(b) (2024) (listing bases for termination). But the best interests of the child are the "paramount consideration." Minn. Stat. § 260C.301, subd. 7 (2024). Even if a statutory basis for

---

[2] Termination also generally requires a finding that the responsible social services agency has made reasonable efforts to reunify the family, but the district court determined that no such efforts were required here because of the termination grounds proved. *See* Minn. Stat. §§ 260.012(a)(1), (6), 260C.301, subd. 8 (2024).

termination exists, "the district court must still find that termination of parental rights . . . is in the best interests of the child." *In re Welfare of A.M.C.*, 920 N.W.2d 648, 657 (Minn. App. 2018); *see also In re Tanghe*, 672 N.W.2d 623, 625-26 (Minn. App. 2003) (recognizing that "a child's best interests may preclude terminating parental rights" even when a statutory basis for termination exists (quotation omitted)).

To evaluate a child's best interests, a district court must consider "(1) the child's interests in preserving the parent-child relationship; (2) the parent's interests in preserving the parent-child relationship; and (3) any competing interests of the child." *In re Welfare of Child of R.V.M.*, 8 N.W.3d 680, 696 (Minn. App. 2024), *rev. denied* (Minn. July 19, 2024); *see also* Minn. R. Juv. Prot. P. 58.04(c)(2)(ii) (requiring a district to court to consider these factors when addressing a child's best interests). A child's "competing interests" may include a "stable environment, health considerations, and the child's preferences." *In re Welfare of Child. of J.R.B.*, 805 N.W.2d 895, 905 (Minn. App. 2011), *rev. denied* (Minn. Jan. 6, 2012).

We review a district court's best-interests determination for an abuse of discretion. *A.M.C.*, 920 N.W.2d at 657. A district court abuses its discretion if it "makes findings of fact that lack evidentiary support, misapplies the law, or resolves discretionary matters in a manner contrary to logic and the facts on record." *In re Welfare of Child of T.M.A.*, 11 N.W.3d 346, 355 (Minn. App. 2024). We will not disturb a district court's factual findings unless they are clearly erroneous because they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *A.M.C.*, 920 N.W.2d at 654.

Mother argues that the district court abused its discretion when it determined it was not in the child's best interests to terminate father's parental rights. She advances three arguments, which we address in turn.

First, mother cites *K.L.W.*, a case affirming a district court decision to terminate parental rights after a parent was convicted of a sexual offense. *See* 924 N.W.2d at 656. Relying on this case, mother appears to assert that a district court abuses its discretion if it does not terminate the parental rights of any individual with such a criminal background. This argument misstates the law. In *K.L.W.*, like this case, the conviction for a sexual offense was used to establish a statutory basis for terminating parental rights. *Id.* at 653-56; *see also* Minn. Stat. § 260C.301, subd. 1(b) (listing the statutory bases for termination). This determination was necessary, but not sufficient, to terminate parental rights because the child's best interests are a *separate* and "paramount" consideration. *See* Minn. Stat. § 260C.301, subd. 7. It is on the best-interests analysis that this case diverges from *K.L.W.* That case turned on a determination that it was in the child's best interests to terminate parental rights because of factors that made termination beneficial to the child, like parental inattentiveness and noncompliance with probation. *K.L.W.*, 924 N.W.2d at 656-57. But the district court did not find those factors present here. Instead, the district court found other factors, like shared health concerns and a strong historical bond between father and the child, supported preserving the parental relationship. In short, the district court reached a different decision because it faced different facts, which was an appropriate exercise of discretion.

6

Second, mother asserts repeatedly that father is an "untreated predatory offender" who continues to deny his criminal conduct, appearing to argue father poses a risk of harm such that termination of father's parental rights must be in the child's best interests.[3] This argument is unavailing. The district court found, based on the testimony of father's probation agent and the GAL, that father was removed from his first sex-offender treatment program because he refused to admit the offense—which was permissible in light of his pending appeal.[4] Father was then placed in an appropriate treatment program for those maintaining their innocence during an appeal, and he had been compliant with that program. The district court also found, based on testimony and treatment records, that the treatment program did not consider father to pose a risk of harm to minor males and did not prohibit father from having contact with them. Because the findings regarding father's treatment and lack of risk of harm to the child find ample support in the record, the district court did not abuse its discretion when it determined that those considerations do not indicate that termination was in the child's best interests.

Third, mother argues the district court placed too much weight on the testimony of the older children—specifically, that they wished they had a relationship with their father

---

[3] Mother also asserts that father has a "severe and persistent mental illness" but acknowledges that her basis for this assertion is a document that was not presented to the district court. As such, it is not properly before us. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); *In re Welfare of Child of K.O.*, 4 N.W.3d 359, 365 n. 1 (Minn. App. 2024) ("An appellate court is generally limited to the record that was before the district court when it made the decision being appealed.").

[4] Father's appeal was not fully resolved until after the district court issued the September 12, 2025 decision under review in this appeal. *See State v. Glover*, No. A23-1144, 2025 WL 1923684 (Minn. App. July 14, 2025), *rev. denied* (Minn. Sept. 24, 2025).

while growing up—as evidence that it would be detrimental to the child to only have one parent. In support of this argument, mother asserts that father "physically and emotionally abused" the older children. Mother provides no citation to the record to substantiate her assertions, and our careful review of the record reveals that most of her assertions lack evidentiary support. Additionally, the district court expressly considered evidence that father has had anger issues and actively worked on managing them. The district court also explained that its assessment of this factor was not based solely on the testimony of the older children but also on the GAL's testimony. In short, mother has not demonstrated that the district court made clearly erroneous factual findings, reached an illogical decision, or otherwise abused its discretion in determining that concerns about having only one parent indicate that termination of father's parental rights is not in the child's best interests.

In sum, the district court made the findings addressing the appropriate best-interests factors, and mother has not demonstrated that the district court abused its discretion in determining that termination of father's parental rights is not in the child's best interests.

**Affirmed.**